IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

APR 25 2011

DAVID J. MALAND, CLERK
BY
DEPUTY_____

| | | |
|---|---|---|
| **RHONDA SHERMAN** | § | |
| Plaintiff | § | |
| vs. | § | **JURY REQUESTED** |
| **CHRISTUS ST. MICHAEL HEALTH SYSTEM** | § | 5:11CV-92 |
| Defendant | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, RHONDA SHERMAN, Plaintiff herein, and for her cause of action files this Plaintiff's Original Complaint against Defendant, CHRISTUS ST. MICHAEL HEALTH SYSTEM, and would respectfully show the Court as follows:

### Jurisdiction and Venue

1. This action is an action arising under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et. seq., and the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et. seq., to recover damages at law, actual, punitive, and liquidated, to seek compensation and benefits due, in the form of wages and other monetary losses, to enforce the rights available under the terms of the FMLA and ADA at law and equity, and to recover costs, reasonable attorney's fees, reasonable expert fees, as well as interest on all sums as available under the FMLA and ADA. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. Venue lies in the Eastern District of Texas under 28 U.S.C. § 1391(b)(2).

### Jurisdictional Prerequisites

2. All conditions precedent to jurisdiction under 42 U.S.C. § 12101 et. seq. have occurred or been complied with to wit; a charge of employment discrimination was filed with the Equal Opportunity Commission within 300 days of the commission of an unfair employment practice and a Notification of Right to Sue was received from the Equal Employment Opportunity Commission. This complaint has been filed within 90 days receipt of the Notification of Right to Sue.

## Parties

3. Plaintiff is a citizen of the United States and the State of Texas and resides in Bowie County, Texas. At all times pertinent herein Plaintiff was an "eligible employee" of Defendant as that term is defined in the FMLA. Plaintiff has a son who was disabled for purposes of the ADA.

4. Defendant, is a domestic nonprofit corporation and is authorized to do and is doing business in the State of Texas. Defendant may be served by serving its registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. Defendant was at all pertinent times herein the "employer" of Plaintiff as that term is defined in the FMLA and ADA.

## Statement of Facts

5. Plaintiff began her employment at employer April 2, 2007 as an admission clerk for Defendant. She continued to work until her termination on August 31, 2010. For most of her tenure, Plaintiff was a valued employee and highly regarded by her supervisors, coworkers, and patients of the hospital.

6. Plaintiff began to experience problems with Defendant, after her son's disability required her attention. Due to the serious illness of her son, Plaintiff was granted FMLA leave. This leave provided that it could be exercised on an intermittent basis.

7. Shortly after coming off of leave with her son, Plaintiff was terminated on August 31, 2010, allegedly for excessive tardies. Plaintiff should not have been terminated because her son's needs required Plaintiff's care, she had been approved for intermittent leave and had not exhausted leave, and she followed all of Defendant's policies with respect of notification. Defendant's actions interfered with Plaintiff's leave rights. Defendant failed to follow its own policies, failed to adequately investigate the circumstances before it terminated Plaintiff, and failed to redress the wrong after reasonable investigation would have made clear the error. Such circumstances warrant a finding that Defendant has acted in willful and reckless disregard to Plaintiff's rights and with malice.

8. As further evidence of Defendant's discrimination, Plaintiff was told that due to her son's disability she might need to look for another job, but just not with Defendant.

## FMLA CLAIM

9. The allegations contained in all of the Paragraphs of the Complaint are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as if set for verbatim.

10. Defendant's termination of Plaintiff interfered with Plaintiff's rights under the FMLA, and was in retaliation for her attempting to exercise those rights.

11. As a proximate result of Defendant's FMLA interference and retaliation, Plaintiff suffered economic injury in the form of past and future lost compensation and benefits, and other monetary losses. Plaintiff seeks recovery of lost compensation and benefits, other monetary losses, as established, and reinstatement or front pay in lieu thereof.

12. Defendant acted willfully in violation of Plaintiff's FMLA rights, and Plaintiff is therefore entitled to additional damages under the FMLA.

13. Because of Defendant's actions, Plaintiff was required to obtain legal assistance to enforce her FMLA rights and is entitled to the recovery of reasonable attorney's fees. Plaintiff seeks recovery of reasonable attorney's fees, reasonable expert witness fees, and costs as available under the FMLA.

14. Plaintiff also seeks recovery of pre and post judgment interest and costs as allowed by law.

## ADA Claim

15. The allegations contained in all of the Paragraphs of the Complaint are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as if set for verbatim.

16. Defendant discriminated against Plaintiff under the ADA, in that Plaintiff was a qualified individual who was excluded or otherwise denied equal jobs or benefits because of the known disability of her son.

17. As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered economic injury in the form of past and future lost compensation and benefits, and

other monetary losses. Plaintiff seeks recovery of lost compensation and benefits, other monetary losses, as established, and reinstatement or front pay in lieu thereof.

18. Defendant acted with willful disregard of Plaintiff's federally protected rights, and therefore Plaintiff is entitled to punitive damages.

19. Because of Defendant's actions, Plaintiff was required to obtain legal assistance to enforce her ADA rights and is entitled to the recovery of reasonable attorney's fees. Plaintiff seeks recovery of reasonable attorney's fees, reasonable expert witness fees, and costs as available under the ADA.

20. Plaintiff also seeks recovery of pre and post judgment interest and costs as allowed by law.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein and that on final hearing the Court enter judgment in favor of Plaintiff and against Defendant for:

1. Wages and benefits under the FMLA and ADA;
2. Compensatory damages under the FMLA and ADA;
3. Punitive damages under the ADA;
4. Additional damages under the FMLA;
5. Reinstatement or front pay in lieu of reinstatement under the FMLA and ADA;
6. Attorney's fees under the FMLA and ADA;
7. Costs of court and reasonable expert fees under FMLA and ADA;
8. Prejudgment and postjudgment interest as allowed by law; and

9. Any other and further relief to which she shows herself justly entitled.

Respectfully submitted,

*[signature]*

Glen C. Hudspeth     TSB#10169800
3918 Texas Boulevard
Texarkana, Texas  75503
Telephone: 903.823.3000
Telecopier: 903.823.3002
Attorney for Plaintiff