IN THE UNITED STATES DISTRICT COURT

OF THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| RHONDA SHERMAN | § | |
| V. | § | No. 5:11CV92 |
| CHRISTUS ST. MICHAEL HEALTH SYSTEM | § | |

### Memorandum Order Adopting the Report of the Magistrate Judge

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Defendant CHRISTUS Health Ark-La-Tex d/b/a St. Michael Health System("Defendant" or "St. Michael") filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

Defendant objects to the Magistrate Judge's recommendation that Defendant's motion for summary judgment be denied. Specifically, the Magistrate Judge found a genuine issue of material fact exists as to whether Defendant terminated Plaintiff's employment based on Plaintiff's taking certified Family Medical Leave Act ("FMLA") leave in small increments, causing her to be late to work on occasion. With respect to Plaintiff's claim under the Americans with Disabilities Act ("ADA"), the Magistrate Judge found there is a genuine issue of material fact regarding whether Defendant discriminated against Plaintiff based on Omarijuan's disability.

In its objections, Defendant asserts Plaintiff's tardies were not protected by the FMLA, and St. Michael, as a matter of law, acted within its legal rights as an at-will employer when it terminated her employment. According to Defendant, Omarijuan's doctor addressed Omarijuan's episodes (or flare-ups) but mentioned nothing about routine administration of daily medicine, a distinct activity not covered by the FMLA. Defendant further points out the Plaintiff wrote on the last annual FMLA certification form that her son required adult supervision "when *attacks* occur," requiring treatments that would "last from 1 day – 7 days [and] usually require hospitalization. . . ." Defendant asserts neither Plaintiff nor Omarijuan's physician wrote that Plaintiff needed to be late for work in the mornings to facilitate administration of Omarijuan's routine medication.

Defendant does not dispute that intermittent FMLA leave may be taken in small increments and asserts that if Plaintiff's morning activity had been certified as medically necessary and she had at least attempted to schedule it to minimize disruption to hospital operations, it would likely have been protected by the FMLA. However, Defendant contends Plaintiff's activity fell outside the scope of the medical certification, and she made no effort to minimize disruption.

The Court, viewing all of the evidence in the light most favorable to Plaintiff, disagrees with Defendant that Plaintiff's morning activity was not FMLA-protected as a matter of law. There is a genuine issue of material fact as to whether Plaintiff's morning activity fell within the scope of the medical certification or whether Plaintiff arrived late to work due to poor time management as urged by Defendant.

Although the issue is a close one, having viewed the evidence in the light most favorable to Plaintiffs, the Court agrees with the Magistrate Judge that Defendant's motion for summary judgment should be denied. Defendant's objections are without merit. The Court is of the opinion

that the findings and conclusions of the Magistrate Judge are correct.  Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court.

Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment (Docket Entry # 25) and Plaintiff's Motion for Partial Summary Judgment (Docket Entry #26) be **DENIED**.

**It is SO ORDERED.**

**SIGNED this 17th day of August, 2012.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE