*ORIGINAL* ~mb

# United States District Court
### EASTERN DISTRICT OF TEXAS
### TEXARKANA DIVISION

| | | |
|---|---|---|
| RHONDA SHERMAN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 5:11-CV-92 |
| CHRISTUS HEALTH ARK-LA-TEX D/B/A ST. MICHAEL HEALTH SYSTEM, | § § § § | |
| Defendant. | § § | |

## JURY INSTRUCTIONS

# TABLE OF CONTENTS

GENERAL INSTRUCTIONS ........................................................................................................ 3
   Burden of Proof—Preponderance of the Evidence........................................................ 3
   Evidence in the Case ...................................................................................................... 4
   Consideration of the Evidence ....................................................................................... 4
   Credibility of Witnesses................................................................................................. 5
   Impeachment by Witnesses' Inconsistent Statements .................................................... 6
   Deposition Testimony .................................................................................................... 7
   Objections ....................................................................................................................... 7
   Use of Notes Taken By Jury .......................................................................................... 8
SPECIFIC INSTRUCTIONS ........................................................................................................ 8
   Statement of the Case .................................................................................................... 8
   Stipulated Facts .............................................................................................................. 9
   FMLA—Interference with Leave Rights ...................................................................... 9
   FMLA—Discrimination and Retaliation ..................................................................... 11
   ADA—Associational Discrimination .......................................................................... 12
   Damages ....................................................................................................................... 13
      *Burden of Proof* ...................................................................................................... 14
      *FMLA Damages* .................................................................................................... 14
      *ADA Damages* ...................................................................................................... 14
DUTY TO DELIBERATE ......................................................................................................... 16

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you, the attorneys will have an opportunity to make their final arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You will remember that at the beginning of this trial I gave you some general instructions and definitions. I will repeat them now to aid you in your deliberations.

# I. GENERAL INSTRUCTIONS

### a. Burden of Proof—Preponderance of the Evidence

In this case, Plaintiff must prove every essential part of her claims by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

b. <u>**Evidence in the Case**</u>

The evidence you are to consider includes:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers stipulate (listed on page 9).

The following are not evidence, and you must not consider them as evidence in deciding the facts of this case:

1. statements and arguments of the attorneys;

2. questions and objections of the attorneys;

3. testimony that I instruct you to disregard; and

4. anything you may see or hear when the Court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

c. <u>**Consideration of the Evidence**</u>

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in light of common experience. In other words, you may make deductions and reach conclusions that



reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence, you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence but simply requires that you find the facts from all of the evidence, both direct and circumstantial.

Do not let bias, prejudice, or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

The Court has assigned numbers to the trial exhibits. You should not construe any significance to the exhibit numbers.

### d. Credibility of Witnesses

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses, including Plaintiff and Defendant's representatives, who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was.

In making that decision I suggest that you ask yourself a few questions: Did the person

impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either Plaintiff or Defendant? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

The testimony of Plaintiff and Defendant's representatives should be weighed and their credibility evaluated in the same way as that of any other witness.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

### e. Impeachment by Witnesses' Inconsistent Statements

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he or she gave at the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because

people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

### f. Deposition Testimony

Certain testimony was presented to you through deposition. A deposition is the sworn, recorded answers to questions asked of a witness in advance of the trial. Under some circumstances, if witnesses cannot be present to testify from the witness stand, or the parties otherwise agree, those witnesses' testimony may be presented, under oath, in the form of depositions. Some time before this trial, attorneys representing the parties in this case questioned these witnesses under oath. A court reporter was present and recorded the testimony. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you insofar as possible in the same way as if the witnesses had been present and had testified from the witness stand in court.

### g. Objections

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence. As stated before, the jurors are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.



When the Court has sustained an objection to a question addressed to a witness, the jury must disregard the question entirely, and may draw no inference from the wording of it or speculate as to what the witness would have said if permitted to answer these questions.

h. **Use of Notes Taken By Jury**

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

## II. SPECIFIC INSTRUCTIONS

a. **Statement of the Case**

Plaintiff Rhonda Sherman alleges that Defendant CHRISTUS Health Ark-La-Tex d/b/a St. Michael Health System violated her rights under the Family Medical Leave Act (FMLA) and the Americans with Disabilities Act (ADA). Specifically, Plaintiff contends that Defendant unlawfully terminated her employment in violation of her rights and because of her son's disability.

Plaintiff seeks damages in the form of economic damages (i.e. lost wages and benefits), compensatory damages (i.e. emotional pain and suffering, inconvenience, and mental anguish), and punitive damages.

Defendant denies Plaintiff's allegations.

Your job is to decide whether Defendant violated Plaintiff's rights. If you decide that Defendant has violated Plaintiff's rights, you will then need to decide what amount of money damages should be awarded to Plaintiff.

### b. Stipulated Facts

Before this trial started, the parties stipulated or agreed that certain facts are true. These facts are as follows:

1. Plaintiff began working for Defendant on April 2, 2007.
2. Plaintiff was terminated from Defendant on August 31, 2010.
3. Plaintiff was entitled to FMLA leave.
4. Plaintiff's son had a serious health condition under the FMLA.

You should consider these facts as conclusively established.

### c. FMLA—Interference with Leave Rights

One of Plaintiff's claims is that she was entitled to time off from work (i.e. leave) under the FMLA, and that Defendant interfered with her entitlement to that time off.

Defendant denies Plaintiff's claims and contends that it permitted Plaintiff to take intermittent FMLA leave described in her leave requests and accompanying medical certifications.

It is unlawful for an employer to interfere with, restrain, or deny any right provided by the FMLA. FMLA rights include requesting or taking leave under the FMLA. An eligible employee is entitled to take up to 12 weeks of leave in any 12-month period to care for the employee's child, if the child had a serious health condition. In this case, Plaintiff was eligible to

take leave under the FMLA because her son had a serious health condition. An eligible employee may take FMLA leave intermittently (i.e. in blocks of time less than the full amount of the entitled leave) when taking leave in that manner is medically necessary.

Plaintiff was required to provide notice to Defendant indicating when she required FMLA leave. If the need for leave was unforeseeable (i.e., unplanned or unexpected), Plaintiff was required to give Defendant notice as soon as was practicable under the facts and circumstances. Ordinarily, "as soon as practicable" requires an employee to give at least verbal notification within one or two business days after learning of the need for leave, except in extraordinary circumstances where such notice is not feasible.

To give Defendant proper notice of her need for FMLA leave, Plaintiff was not required to expressly mention the FMLA in particular. Plaintiff need only have provided Defendant enough information to place it on notice that leave was needed because of her son's serious health condition.

Related to providing proper notice, an employer has a legal right to have an employee provide medical certification containing sufficient medical facts to establish that a serious health condition exists. If the employee is requested to, but does not provide a medical certification, then the leave is not FMLA leave. An employer may require the employee to provide a new medical certification in each subsequent leave year. An employer may require that the medical certification form describe the estimated frequency and duration of the intermittent leave being requested.

To prevail in this case, Plaintiff must show that she was entitled to arrive late at work by proving the following by a preponderance of the evidence:

> 1) She was late for work to provide medically necessary care for her son's serious health condition;

2) Plaintiff gave Defendant the proper notice of the need for time off from work for one or more of these reasons; and

3) Defendant in any way interfered with, restrained, or denied Plaintiff's entitlement to take leave.

In this case, it does not matter whether Defendant intended to violate the FMLA. If Defendant denied Plaintiff a right to which she was entitled under the FMLA, then Defendant is liable, and Plaintiff should prevail.

### d. FMLA—Discrimination and Retaliation

Plaintiff claims Defendant terminated her because she engaged in FMLA-protected activity.

Defendant denies Plaintiff's claims and contends that it did not terminate Plaintiff because of her FMLA protected activity. Rather, Defendant contends she was terminated for her excessive tardiness.

It is unlawful for an employer to discriminate or retaliate against an employee for engaging in FMLA-protected activity.

FMLA-protected activity includes, but is not limited to, requesting or taking intermittent leave to care for a family member's serious health condition.

To prevail in this case, Plaintiff must prove by a preponderance of the evidence that:

1) She engaged in FMLA-protected activity;

2) Defendant terminated her employment; and

3) Defendant terminated Plaintiff because Plaintiff engaged in FMLA-protected activity.

Plaintiff does not have to prove that Plaintiff's FMLA-protected activity is the only

reason Defendant terminated Plaintiff's employment.

You should be mindful, however, that the law applicable to Plaintiff's FMLA discrimination and retaliation claim only prohibits termination of an employee because that employee requested or took leave. An employer may terminate an employee for any other reason, good or bad, fair or unfair. You must not second guess Defendant's decision or permit sympathy for the employee to lead you to substitute your own judgment for that of the Defendant, even though you personally may not approve of the action taken and would have acted differently under the circumstances.

If you disbelieve the reason Defendant has given for its decision, you may infer that Defendant terminated Plaintiff's employment because of her FMLA-protected activity.

e. **ADA—Associational Discrimination**

In addition to her FMLA claims, Plaintiff alleges that she was discriminated because of her son's disability. Specifically, Plaintiff claims that Defendant terminated Plaintiff's employment because of her son's disability.

Defendant denies Plaintiff's claims and contends that it terminated her employment due to excessive tardiness.

It is unlawful to terminate a qualified employee if the determining factor is that the employee was known to be associated with a disabled individual.

To succeed in this case, Plaintiff must prove the following items by a preponderance of the evidence:

1) She was qualified for her position;

2) She was subject to an adverse employment action, such as termination;

3) She was known to have a relative with a disability; and

4) The adverse employment action occurred under a circumstance that raises a reasonable inference that the disability of the relative was a determining factor in the employment action.

Plaintiff does not have to prove that her association with a disabled person is the only reason Defendant terminated her employment.

You should be mindful, however, that the law applicable to Plaintiff's ADA claim only prohibits termination of an employee because that employee requested or took leave. An employer may terminate an employee for any other reason, good or bad, fair or unfair. You must not second guess Defendant's decision or permit sympathy for the employee to lead you to substitute your own judgment for that of the Defendant, even though you personally may not approve of the action taken and would have acted differently under the circumstances.

If you disbelieve the reason Defendant has given for its decision, you may infer that it terminated Plaintiff because of her association with her disabled son.

To be "qualified for her position," Plaintiff must satisfy the skill, experience, education, and other job-related requirements (including the attendance requirements) of the position that she held.

### f. Damages

I will now instruct you on damages. If Plaintiff has proven a claim against Defendant by a preponderance of the evidence, you must determine the damages to which she is entitled. You should not interpret the fact that I have given instructions about Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, win this case. It is your task first to decide whether Defendant is liable. I am instructing you on damages only so that you

will have guidance in the event you decide that Defendant is liable and that Plaintiff is entitled to recover money from Defendant.

### 1. *Burden of Proof*

Plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. On the other hand, Plaintiff need not prove the amount of her losses with mathematical precision, but only with as much certainty and accuracy as the circumstances permit.

### 2. *FMLA Damages*

If you found that Defendant violated Plaintiff's FMLA rights, the Court will determine the amount of economic damages (i.e. any back pay, employment benefits, or other compensation denied or lost because of Defendant's violation of the FMLA) in this case. You will not be asked to determine the amount of economic damages in this case.

### 3. *ADA Damages*

If you found that Defendant violated the ADA, then you must determine whether Defendant has caused Plaintiff damages and, if so, you must determine the amount, if any, of those damages. However, as previously stated, you will not be asked to determine the amount of economic damages in this case.

You should consider the following elements of damages, and no others:

1) Compensatory damages, which include emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses; and

2) Punitive damages.

There is no exact standard for determining compensatory damages. You are to determine an amount that will fairly compensate Plaintiff for any injury she has sustained. Do not include

as compensatory damages back pay or interest on back pay or benefits. Compensatory damages are not allowed as punishment and cannot be imposed to penalize a defendant.

In this case you may award punitive damages if Plaintiff proves by a preponderance of the evidence that:

1) The individual who engaged in the discriminatory act or practice was a managerial employee;

2) He or she engaged in the discriminatory act or practice while acting in the scope of his or her employment; and

3) He or she acted with malice or reckless indifference to Plaintiff's federally protected right to be free from discrimination.

If Plaintiff has proven these facts, then you may award punitive damages, unless Defendant proves by a preponderance of the evidence that the conduct was contrary to the employer's good faith efforts to prevent discrimination in the workplace.

In determining whether an employee was a "managerial employee" of Defendant, you should consider the type of authority the employee had over Plaintiff and whether Defendant delegated employment decisions to the employee.

An action was in "reckless indifference" to Plaintiff's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law. Plaintiff is not required to show egregious or outrageous discrimination to recover punitive damages. However, proof that Defendant engaged in intentional discrimination is not enough in itself to justify an award of punitive damages.

In determining whether Defendant made "good faith efforts" to prevent discrimination in the workplace, you may consider things like whether it adopted anti-discrimination policies, whether it educated its employees on the federal anti-discrimination laws, how it responded to

Plaintiff's complaint of discrimination, and how it responded to other complaints of discrimination.

If you determine that the Defendant's conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages. In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a defendant for shocking conduct, and to deter Defendant and others from engaging in similar conduct in the future. The law does not require you to award punitive damages, however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages. The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed a plaintiff has been made whole by compensatory damages, so punitive damages should be awarded only if Defendant's misconduct, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence. You may consider the financial resources of Defendant in fixing the amount of punitive damages.

## III. DUTY TO DELIBERATE

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts. Your only

interest is to seek the truth from the evidence in the case.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you. If you request an exhibit, it will be provided to you. Select your Foreperson, and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the marshal, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.

SIGNED this 18th day of September, 2012.

*Michael H. Schneider* (signature)

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF TEXAS